UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
TRUSTEES OF THE NATIONAL RETIREMENT FUND,

                        Plaintiffs,

            -against-

**COMPLAINT**

WILLIAM FIORAVANTI, INC. and JOHN DOES 1–10 (all
other trades or businesses under common control with
WILLIAM FIORAVANTI, INC.),

                        Defendants.
------------------------------------------X

      Plaintiffs, by their attorney, David C. Sapp, Esq., for their Complaint complaining of Defendants William Fioravanti, Inc. and John Does 1–10 (all other trades or businesses under common control with William Fioravanti, Inc.), respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action by plan fiduciaries and an employee benefit fund to compel an employer to pay withdrawal liability pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), and Sections 502(a),(e), (f) and (g) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §§ 1132(a), (e), (f) and (g) and 1451(a), (b) and (c).

## VENUE

3. As the Plan is administered within the Southern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## THE PARTIES

4. Plaintiff National Retirement Fund ("the Fund") was established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan," within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Fund. As such, the Fund is a "multiemployer plan," within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5. The Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5). The Board of Trustees is the "plan sponsor" with respect to the Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Fund maintains its offices and the Plan is administered at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

6. Plaintiff Trustees of the Fund exercise discretionary authority, control and responsibility with respect to management and administration of the Fund and Plan and disposition of Fund assets. As such, Plaintiff Trustees are fiduciaries with respect to the Plan, within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. Upon information and belief, Defendant William Fioravanti, Inc. (hereinafter, "Fioravanti") is a New York corporation having or having had its principal place of business at 45 West 57th Street, New York, New York 10019.

8. Upon information and belief, at all relevant times, Defendant Fioravanti was a party, directly or indirectly, to a collective bargaining agreement with the New York New Jersey Regional Joint Board, Workers United, or an affiliate thereof ("the Union"). Upon information and belief, pursuant to said collective bargaining agreement, Defendant Fioravanti was obligated to make contributions and made certain of such contributions to the Fund on behalf of certain of its employees. As such, Defendant Fioravanti is an "employer," within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

9. Upon information and belief, Defendants John Does 1-10 (all other trades or businesses under common control with Defendant Fioravanti) are "trades or businesses under common control" with Defendant Fioravanti pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414 (c) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.

## AS AND FOR A FIRST CLAIM FOR WITHDRAWAL
## LIABILITY AGAINST DEFENDANT WILLIAM FIORAVANTI, INC.

10. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "9" of this Complaint as if recited at length herein.

11. Upon information and belief on or about January 1, 2016, Defendant Fioravanti permanently ceased all covered operations under the Plan and/or permanently ceased to have an obligation to contribute to the Fund, thereby completely withdrawing from the Plan within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

12. As a result of its complete withdrawal from the Plan, Defendant Fioravanti became liable to the Fund for withdrawal liability in the estimated principal amount of $417,654.00, pursuant to Section 4201 of ERISA, 29 U.S.C. §1381.

13. After determining the amount of the withdrawal liability owing to the Fund by Defendant Fioravanti, on or about May 18, 2016, the Fund notified Defendant Fioravanti that its estimated amount of withdrawal liability was $417,654.00 and of the schedule for withdrawal liability payments and demanded payment in accordance with the schedule ("Notice and Demand"), as required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1). A true copy of the May 18, 2016 Notice and Demand is annexed hereto as Exhibit "A."

14. Pursuant to Section 4219(c) of ERISA, 29 U.S.C. §1399(c), and as provided in the Notice and Demand, Defendant Fioravanti was required to make eighty (80) quarterly withdrawal liability installment payments in the amount of $4,275.19 each. The first such quarterly payment was due on or before June 1, 2016.

4

15. Defendant Fioravanti did not request review of the Fund's withdrawal liability assessment pursuant to Section 4219(b)(2) of ERISA, 29 U.S.C. §1399(b)(2).

16. Defendant Fioravanti has never initiated arbitration of the assessment of its withdrawal liability pursuant to Section 4221 of ERISA, 29 U.S.C. § 1401 and the time to seek arbitration under ERISA has expired.

17. By letter dated June 16, 2016 to Defendant Fioravanti, the Fund notified Defendant Fioravanti that it had failed to make the first quarterly withdrawal liability payment when due under the Notice and Demand and that, if such failure was not cured within sixty (60) days, Defendant Fioravanti would be in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5) ("Notice of Overdue Payment"). A true copy of the June 16, 2016 Notice of Overdue Payment is annexed hereto as Exhibit "B."

18. Upon information and belief, more than sixty (60) days have elapsed since Defendant Fioravanti received the Notice of Overdue Payment referenced in paragraph "15," and Defendant Fioravanti has failed to make any withdrawal liability payments whatsoever.

19. Defendant Fioravanti has not made any quarterly payments in satisfaction of the withdrawal liability.

20. By reason of its failure to make withdrawal liability payments within sixty (60) days of receipt of the Fund's Notice of Overdue Payment referenced in paragraphs "15" and "16," Defendant Fioravanti is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A), and Plaintiffs are entitled to immediate payment of the total amount of the balance of Defendant Fioravanti's withdrawal liability due under the Notice and Demand, plus accrued interest on the total outstanding withdrawal liability from the due date of

the first missed quarterly liability payment, pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

21. Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendant Fioravanti calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

22. Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendant Fioravanti calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

## AS AND FOR A SECOND CLAIM FOR WITHDRAWAL LIABILITY AGAINST DEFENDANTS JOHN DOES 1 – 10 (ALL OTHER TRADES OR BUSINESSES UNDER COMMON CONTROL WITH DEFENDANT WILLIAM FIORAVANTI, INC.)

23. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "22" of this Complaint as if recited at length herein.

24. Upon information and belief, Defendant Fioravanti and Defendants John Does 1-10 are, and at all relevant times were, trades or businesses under common control, within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414 of the Internal Revenue Code of 1986, as amended, and regulations published at 29 C.F.R. § 2612 and 26 C.F.R. §§ 1.414(c)-1 through 1.414(c)-5, in that the same five or fewer persons owned a controlling interest in and were in effective control of Defendant Fioravanti and Defendants John Does 1-10.

25. Pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b)(1), as trades or businesses under common control, Defendants Fioravanti and Defendants John Does 1-10 are treated as a single employer for all purposes under Title IV of ERISA, including withdrawal liability. For the foregoing reason, Defendants John Does 1-10 are jointly and severally liable for the total amount of Defendant Fioravanti's withdrawal liability, interest, liquidated damages,

and attorneys' fees and costs referenced in paragraphs "12," "13," "14," "15," "19," "20," "21," and "22" herein.

26. Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

27. Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

## AS AND FOR A THIRD CLAIM AGAINST ALL DEFENDANTS

28. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "27" of this Complaint as if recited at length herein.

29. Unless Defendants are restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of their assets, Defendants will have no assets with which to meet their obligation to the Fund thereby causing the Fund and its pension participants and beneficiaries immediate and irreparable loss, damage, and injury for which the Fund will have no adequate remedy of law.

30. The Fund will be subjected to irreparable hardship and injury in the event that Defendants are not immediately restrained and enjoined and the status quo maintained during the pendency of this action.

**WHEREFORE**, plaintiffs respectfully request that this Court enter an order and judgment:

a. Directing Defendants be held jointly and severally liable to the National Retirement Fund for withdrawal liability in the principal amount of $417,654.00; and

b. Directing Defendants be held jointly and severally liable to the National Retirement Fund for prejudgment interest on the withdrawal liability set forth in paragraph "(a)" herein from the date of the first missed withdrawal liability payment, to be computed pursuant to Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(6) and 1451(b) and the National Retirement Fund's Plan documents; and

c. Directing Defendants be held jointly and severally liable to the National Retirement Fund for liquidated damages on the withdrawal liability pursuant to Sections 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C)(i) and 1451(b) and the National Retirement Fund's Plan documents; and

d. Directing Defendants be held jointly and severally liable to the National Retirement Fund for the reasonable attorneys' fees and costs of this action pursuant to Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and 1451(b); and

e. Directing Defendants and all of their respective officers, employees, agents, representatives, and all persons acting in concert with them be restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of Defendants' assets, regardless of the amounts, if any, or the nature of the consideration received therefore, during the pendency of this action and permanently; and

f. Granting such other and further relief to Plaintiffs as the Court deems appropriate

Dated: August 22, 2016
White Plains, New York

**TRUSTEES OF THE NATIONAL RETIREMENT FUND, Plaintiffs**

By: _____
David C. Sapp (DS5781)

*Attorney for Plaintiffs*

Alicare, Inc. - Fund Administrators
333 Westchester Avenue,
North Building – First Floor
White Plains, New York 10604
(914) 367-5576 (telephone)
dsapp@amalgamatedlife.com

# EXHIBIT A

 ALICARE, INC.
Third Party Administrators

*An Affiliate of Amalgamated Life*

*David C. Sapp, Esq.*
Executive Director
Litigation Counsel

333 Westchester Avenue
North Building – First Floor
White Plains, New York 10604

P 914-367-5576
F 914-367-2576

dsapp@amalgamatedlife.com

May 18, 2016

**VIA CERTIFIED MAIL -
RETURN RECEIPT REQUESTED**

Mr. William Fioravanti
Chief Executive Officer
William Fioravanti, Inc.
45 West 57th Street
New York, NY 10019

      Re:    Withdrawal of William Fioravanti, Inc.
                from the National Retirement Fund

Dear Mr. Fioravanti:

The Board of Trustees of the National Retirement Fund (the "Fund") has determined that William Fioravanti, Inc. (the "Company") incurred a complete withdrawal from the National Retirement Fund effective January 1, 2016. Accordingly, upon such withdrawal, the Company is liable to the Fund for withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

This letter supplies a notice of the Company's liability resulting from the Company's complete withdrawal from the Fund. The Fund reserves the right to revise this assessment at any time due to new information that may alter the Company's liability.

Attached is a copy of a worksheet detailing how the withdrawal liability was determined. ERISA provides that the amount of the withdrawal liability is to be paid in equal quarterly installments over the number of years necessary to amortize the amount of the liability in level annual payments calculated in accordance with Section 4219(c)(i)(1).

The estimated amount of withdrawal liability allocable to the Company is $417,654.00 and payable in eighty (80) quarterly installment payments of $4,275.19. Installments should be made by check payable to the "National Retirement Fund" and remitted to National Retirement Fund, P.O. Box 5426, White Plains, New York 10602-5426. The first installment is due by June 1, 2016.



Mr. William Fioravanti
Chief Executive Officer
May 18, 2016
Page 2

Upon completion of the final withdrawal liability calculation, you will be notified of the final assessment and revised payment schedule.

Please feel free to contact the undersigned with any questions.

                              Very truly yours,

                              David C. Sapp

Enclosure

cc (via email with enclosures):    Mr. Richard Rust
                                    Ms. Julie Kelly (jkelly@workersunitednynj.org)
                                    Ronald Richman, Esq.
                                    Frank Sabatini, Esq.
                                    Ms. Raquel Fioravanti (Raquel.fioravanti@gmail.com)
                                    Ms. Laura Burke (Certified Mail/Return Receipt
                                       Requested)

# NATIONAL RETIREMENT FUND

333 Westchester Ave, White Plains NY     Phone 914-367-5576 • Fax 914-367-2578

April 22, 2016

**2016 Estimated Withdrawal Liability**
**William Fioravanti**

Employer Number:    1020182

A. Remaining Allocable Portion of 2006 Pool

     1. Total benefit accruals earned by participants of your firm during plan years 2002 - 2006...... $ 3,528.00

     2. Total benefit accruals earned by all participants during the same period for all employers not withdrawn as of 12/31/2006........... $ 22,552,297.98

     3. which quotient ........ .00015644

     4. was then multiplied by the Outstanding Balance of the Fund's Unfunded Vested Benefits as of 12/31/2006 for all employers not withdrawn as of 12/31/2006.. $ (87,064,032.00)

     5. Totaling ... $ (13,620.30)

     6. Portion remaining as of 12/31/2015 = 10% times A.5......... $ (1,362.00)

B. Remaining Allocable Portion of 2007 Pool

     1. Total retirement contributions payable by your firm during plan years 2003 - 2007................ $ 29,204.55

     2. Total retirement contributions received by the Fund during same period for all employers reduced by contributions made by employers who withdrew prior to 12/31/2007................ $ 103,219,009.00

     3. which quotient........ .00028294

     4. was then multiplied by the Outstanding Balance of the Fund's Unfunded Vested Benefits as of 12/31/2007 for all employers not withdrawn as of 12/31/2007....... $ 18,078,600.00

     5. Totaling........ $ 5,115.16

     6. Portion remaining as of 12/31/2015 = 60% times B.5........ $ 3,069.00

C. Remaining Allocable Portion of 2008 Pool

     1. Total retirement contributions payable by your firm during plan years 2004 - 2008............... $ 40,857.99

     2. Total retirement contributions received by the Fund during same period for all employers reduced by contributions made by employers who withdrew prior to 12/31/2008............... $ 462,442,162.00

     3. which quotient........ .00008835

     4. was then multiplied by the Outstanding Balance of the Fund's Unfunded Vested Benefits as of 12/31/2008 for all employers not withdrawn as of 12/31/2008............... $ 926,815,395.00

     5. Totaling........ $ 81,884.14

     6. Portion remaining as of 12/31/2015 = 65% times C.5........ $ 53,225.00

D. Remaining Allocable Portion of 2009 Pool

    1. Total retirement contributions payable by your firm during plan years 2005 - 2009 ............................... $     48,170.87

    2. Total retirement contributions received by the Fund during same period for all employers reduced by contributions made by employers who withdrew prior to 12/31/2009 ................................... $    501,379,595.00

    3. which quotient ............................................................................................................................. .00009608

    4. was then multiplied by the Outstanding Balance of the Fund's Unfunded Vested Benefits as of 12/31/2009 for all employers not withdrawn as of 12/31/2009 ............................................................ $    36,005,935.00

    5. Totaling ................................................................................................................................. $      3,459.45

    6. Portion remaining as of 12/31/2015 = 70% times D.5 ................................................................... $      2,422.00

E. Remaining Allocable Portion of 2015 Pool

    1. Total retirement contributions payable by your firm during plan years 2011 - 2015 ............................. $     45,326.51

    2. Total retirement contributions received by the Fund during same period for all employers reduced by contributions made by employers who withdrew prior to 12/31/2015 ................................... $    517,015,753.00

    3. which quotient ............................................................................................................................. .00008767

    4. was then multiplied by the estimated Outstanding Balance of the Fund's Unfunded Vested Benefits as of 12/31/2015 for all employers not withdrawn as of 12/31/2015 ........................................................ $ 4,100,000,000.00

    5. Totaling ................................................................................................................................. $     359,447.00

F. Proportional Share of the unamortized amount of Affected Benefits for plan year ending 12/31/2015

    1. Total retirement contributions payable by your firm during plan years 2011 - 2015 ............................. $     45,326.51

    2. Total retirement contributions received by the Fund during same period for all employers reduced by contributions made by employers who withdrew prior to 12/31/2015 ................................... $    517,015,753.00

    3. which quotient ............................................................................................................................. .00008767

    4. was multiplied by the unamortized amount of Affected Benefits (reduction of adjustable benefits during 2011) ......................................................................................... $     9,727,511.00

    5. Totaling ................................................................................................................................. $       853.00

G. Allocable Share:

    1. [A6 + B6 + C6 + D6 + E5 + F5] ................................................................................................ $     417,654.00

    2. *De minimis* reduction .................................................................................................................. $          -

    3. 2016 Estimated Withdrawal Liability ............................................................................................ $     417,654.00

| Benefit Accruals: | | Employer Contributions: | |
|---|---|---|---|
| 2001 | - | 2003 | 0.00 |
| 2002 | - | 2004 | 0.00 |
| 2003 | - | 2005 | 8,734.00 |
| 2004 | 1,440.00 | 2006 | 11,574.55 |
| 2005 | 1,368.00 | 2007 | 8,896.00 |
| 2006 | 720.00 | 2008 | 11,653.44 |
| | | 2009 | 7,312.88 |
| | | 2010 | 9,267.81 |
| | | 2011 | 10,454.72 |
| | | 2012 | 8,681.89 |
| | | 2013 | 6,717.36 |
| | | 2014 | 11,407.22 |
| | | 2015 | 8,065.32 |

# NATIONAL RETIREMENT FUND

333 Westchester Ave, White Plains NY        Phone: 914-367-5576 • Fax 914-367-2578

April 22, 2016

**Development of Quarterly Payment**
**William Fioravanti**

Employer Numbers:        1020182

| Year | Contribution Base Units - Hours | Consecutive Three Year Average |
|---|---|---|
| 2006 | 19,043.00 | |
| 2007 | 14,376.00 | |
| 2008 | 19,916.00 | 17,778.33 |
| 2009 | 10,605.00 | 14,965.67 |
| 2010 | 12,081.00 | 14,200.67 |
| 2011 | 12,553.00 | 11,746.33 |
| 2012 | 9,660.00 | 11,431.33 |
| 2013 | 6,709.00 | 9,640.67 |
| 2014 | 10,706.00 | 9,025.00 |
| 2015 | 9,285.00 | 8,900.00 |

A.1.) Maximum Consecutive 3-Year Contribution Base Units Average for ten years before year in which withdrawal occurs     17,778.33

A.2.) Maximum Contribution Rate for previous ten years including year in which withdrawal occurs *     0.69

A.3.) Required Annual Payment: (1) x (2)     $ 12,267.05

| Year | Contribution Base Units - Payroll | Consecutive Three Year Average |
|---|---|---|
| 2006 | 395,734.53 | |
| 2007 | 314,560.49 | |
| 2008 | 348,179.40 | 352,824.81 |
| 2009 | 248,512.71 | 303,750.87 |
| 2010 | 298,145.60 | 298,279.24 |
| 2011 | 329,063.91 | 291,907.41 |
| 2012 | 264,781.01 | 297,330.17 |
| 2013 | 205,469.56 | 266,438.16 |
| 2014 | 328,137.94 | 266,129.50 |
| 2015 | 326,467.61 | 286,691.70 |

B.1.) Maximum Consecutive 3-Year Contribution Base Units Average for ten years before year in which withdrawal occurs     352,824.81

B.2.) Maximum Contribution Rate for previous ten years including year in which withdrawal occurs *     1.3700%

B.3.) Required Annual Payment: (1) x (2)     $ 4,833.70

C.1.) Total Required Annual Payment: A.3 + B.3     $ 17,100.75

C.2.) Total Quarterly Payment: Required Annual Payment / 4     $ 4,275.19

* Contribution rate excludes rehabilitation plan contribution rate increases occuring after December 31 2014, per the Multiemployer Pension Reform Act of 2014.

# NATIONAL RETIREMENT FUND

333 Westchester Ave, White Plains NY       Phone: 914-367-5576 • Fax 914-367-2578

April 22, 2016

**Amortization Schedule**

EMPLOYER           William Fioravanti

|  | ESTIMATED WDL AMOUNT | $ | 417,654.00 | INTEREST | 2.46% |
|---|---|---|---|---|---|
|  | QLY PAYMENT | $ | 4,275.19 | No. of Payments | 80 |
|  | PRESENT VALUE OF QUARTERLY PAYMENTS | $ | 274,179.46 |  |  |

| # | PYMT DATE | PAYMENT | INTEREST | PRINCIPAL | BALANCE AFTER PAYMENT |
|---|---|---|---|---|---|
|  |  |  |  |  | 274,179.46 |
| 1 | 01-Jun-16 | 4,275.19 | 0.00 | 4,275.19 | 269,904.27 |
| 2 | 01-Sep-16 | 4,275.19 | 0.00 | 4,275.19 | 265,629.08 |
| 3 | 01-Dec-16 | 4,275.19 | 0.00 | 4,275.19 | 261,353.89 |
| 4 | 01-Mar-17 | 4,275.19 | 0.00 | 4,275.19 | 257,078.70 |
| 5 | 01-Jun-17 | 4,275.19 | 6,324.14 | (2,048.95) | 259,127.64 |
| 6 | 01-Sep-17 | 4,275.19 | 0.00 | 4,275.19 | 254,852.45 |
| 7 | 01-Dec-17 | 4,275.19 | 0.00 | 4,275.19 | 250,577.26 |
| 8 | 01-Mar-18 | 4,275.19 | 0.00 | 4,275.19 | 246,302.07 |
| 9 | 01-Jun-18 | 4,275.19 | 6,059.03 | (1,783.84) | 248,085.91 |
| 10 | 01-Sep-18 | 4,275.19 | 0.00 | 4,275.19 | 243,810.72 |
| 11 | 01-Dec-18 | 4,275.19 | 0.00 | 4,275.19 | 239,535.53 |
| 12 | 01-Mar-19 | 4,275.19 | 0.00 | 4,275.19 | 235,260.34 |
| 13 | 01-Jun-19 | 4,275.19 | 5,787.40 | (1,512.21) | 236,772.56 |
| 14 | 01-Sep-19 | 4,275.19 | 0.00 | 4,275.19 | 232,497.37 |
| 15 | 01-Dec-19 | 4,275.19 | 0.00 | 4,275.19 | 228,222.18 |
| 16 | 01-Mar-20 | 4,275.19 | 0.00 | 4,275.19 | 223,946.99 |
| 17 | 01-Jun-20 | 4,275.19 | 5,509.10 | (1,233.91) | 225,180.89 |
| 18 | 01-Sep-20 | 4,275.19 | 0.00 | 4,275.19 | 220,905.70 |
| 19 | 01-Dec-20 | 4,275.19 | 0.00 | 4,275.19 | 216,630.51 |
| 20 | 01-Mar-21 | 4,275.19 | 0.00 | 4,275.19 | 212,355.32 |
| 21 | 01-Jun-21 | 4,275.19 | 5,223.94 | (948.75) | 213,304.08 |
| 22 | 01-Sep-21 | 4,275.19 | 0.00 | 4,275.19 | 209,028.89 |
| 23 | 01-Dec-21 | 4,275.19 | 0.00 | 4,275.19 | 204,753.70 |
| 24 | 01-Mar-22 | 4,275.19 | 0.00 | 4,275.19 | 200,478.51 |
| 25 | 01-Jun-22 | 4,275.19 | 4,931.77 | (656.58) | 201,135.09 |
| 26 | 01-Sep-22 | 4,275.19 | 0.00 | 4,275.19 | 196,859.90 |
| 27 | 01-Dec-22 | 4,275.19 | 0.00 | 4,275.19 | 192,584.71 |
| 28 | 01-Mar-23 | 4,275.19 | 0.00 | 4,275.19 | 188,309.52 |
| 29 | 01-Jun-23 | 4,275.19 | 4,632.41 | (357.22) | 188,666.74 |
| 30 | 01-Sep-23 | 4,275.19 | 0.00 | 4,275.19 | 184,391.55 |
| 31 | 01-Dec-23 | 4,275.19 | 0.00 | 4,275.19 | 180,116.36 |
| 32 | 01-Mar-24 | 4,275.19 | 0.00 | 4,275.19 | 175,841.17 |
| 33 | 01-Jun-24 | 4,275.19 | 4,325.69 | (50.50) | 175,891.67 |
| 34 | 01-Sep-24 | 4,275.19 | 0.00 | 4,275.19 | 171,616.48 |
| 35 | 01-Dec-24 | 4,275.19 | 0.00 | 4,275.19 | 167,341.29 |
| 36 | 01-Mar-25 | 4,275.19 | 0.00 | 4,275.19 | 163,066.10 |
| 37 | 01-Jun-25 | 4,275.19 | 4,011.43 | 263.76 | 162,802.34 |
| 38 | 01-Sep-25 | 4,275.19 | 0.00 | 4,275.19 | 158,527.15 |
| 39 | 01-Dec-25 | 4,275.19 | 0.00 | 4,275.19 | 154,251.96 |
| 40 | 01-Mar-26 | 4,275.19 | 0.00 | 4,275.19 | 149,976.77 |
| 41 | 01-Jun-26 | 4,275.19 | 3,689.43 | 585.76 | 149,391.01 |
| 42 | 01-Sep-26 | 4,275.19 | 0.00 | 4,275.19 | 145,115.82 |
| 43 | 01-Dec-26 | 4,275.19 | 0.00 | 4,275.19 | 140,840.63 |
| 44 | 01-Mar-27 | 4,275.19 | 0.00 | 4,275.19 | 136,565.44 |

|    | PYMT DATE  | PAYMENT  | INTEREST | PRINCIPAL | BALANCE AFTER PAYMENT |
|----|-----------|----------|----------|-----------|------------------------|
| 45 | 01-Jun-27 | 4,275.19 | 3,359.51 | 915.68    | 135,649.76 |
| 46 | 01-Sep-27 | 4,275.19 | 0.00     | 4,275.19  | 131,374.57 |
| 47 | 01-Dec-27 | 4,275.19 | 0.00     | 4,275.19  | 127,099.38 |
| 48 | 01-Mar-28 | 4,275.19 | 0.00     | 4,275.19  | 122,824.19 |
| 49 | 01-Jun-28 | 4,275.19 | 3,021.48 | 1,253.71  | 121,570.47 |
| 50 | 01-Sep-28 | 4,275.19 | 0.00     | 4,275.19  | 117,295.28 |
| 51 | 01-Dec-28 | 4,275.19 | 0.00     | 4,275.19  | 113,020.09 |
| 52 | 01-Mar-29 | 4,275.19 | 0.00     | 4,275.19  | 108,744.90 |
| 53 | 01-Jun-29 | 4,275.19 | 2,675.12 | 1,600.07  | 107,144.84 |
| 54 | 01-Sep-29 | 4,275.19 | 0.00     | 4,275.19  | 102,869.65 |
| 55 | 01-Dec-29 | 4,275.19 | 0.00     | 4,275.19  | 98,594.46 |
| 56 | 01-Mar-30 | 4,275.19 | 0.00     | 4,275.19  | 94,319.27 |
| 57 | 01-Jun-30 | 4,275.19 | 2,320.25 | 1,954.94  | 92,364.33 |
| 58 | 01-Sep-30 | 4,275.19 | 0.00     | 4,275.19  | 88,089.14 |
| 59 | 01-Dec-30 | 4,275.19 | 0.00     | 4,275.19  | 83,813.95 |
| 60 | 01-Mar-31 | 4,275.19 | 0.00     | 4,275.19  | 79,538.76 |
| 61 | 01-Jun-31 | 4,275.19 | 1,956.65 | 2,318.54  | 77,220.22 |
| 62 | 01-Sep-31 | 4,275.19 | 0.00     | 4,275.19  | 72,945.03 |
| 63 | 01-Dec-31 | 4,275.19 | 0.00     | 4,275.19  | 68,669.84 |
| 64 | 01-Mar-32 | 4,275.19 | 0.00     | 4,275.19  | 64,394.65 |
| 65 | 01-Jun-32 | 4,275.19 | 1,584.11 | 2,691.08  | 61,703.57 |
| 66 | 01-Sep-32 | 4,275.19 | 0.00     | 4,275.19  | 57,428.38 |
| 67 | 01-Dec-32 | 4,275.19 | 0.00     | 4,275.19  | 53,153.19 |
| 68 | 01-Mar-33 | 4,275.19 | 0.00     | 4,275.19  | 48,878.00 |
| 69 | 01-Jun-33 | 4,275.19 | 1,202.40 | 3,072.79  | 45,805.21 |
| 70 | 01-Sep-33 | 4,275.19 | 0.00     | 4,275.19  | 41,530.02 |
| 71 | 01-Dec-33 | 4,275.19 | 0.00     | 4,275.19  | 37,254.83 |
| 72 | 01-Mar-34 | 4,275.19 | 0.00     | 4,275.19  | 32,979.64 |
| 73 | 01-Jun-34 | 4,275.19 | 811.30   | 3,463.89  | 29,515.75 |
| 74 | 01-Sep-34 | 4,275.19 | 0.00     | 4,275.19  | 25,240.56 |
| 75 | 01-Dec-34 | 4,275.19 | 0.00     | 4,275.19  | 20,965.37 |
| 76 | 01-Mar-35 | 4,275.19 | 0.00     | 4,275.19  | 16,690.18 |
| 77 | 01-Jun-35 | 4,275.19 | 410.58   | 3,864.61  | 12,825.57 |
| 78 | 01-Sep-35 | 4,275.19 | 0.00     | 4,275.19  | 8,550.38 |
| 79 | 01-Dec-35 | 4,275.19 | 0.00     | 4,275.19  | 4,275.19 |
| 80 | 01-Mar-36 | 4,275.19 | 0.00     | 4,275.19  | 0.00 |

**EXHIBIT B**

# NATIONAL RETIREMENT FUND

333 Westchester Avenue, North Building, First Floor, White Plains, NY 10604-2910
Phone: 914 367-5576 • Fax: 914 367-2576

June 16, 2016

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. William Fioravanti
Chief Executive Officer
William Fioravanti
45 West 57th Street
New York, NY 10019

    Re:    William Fioravanti, Inc. – Default Notice for Withdrawal Liability

Dear Mr. Fioravanti:

By letter dated May 18, 2016 you were advised of your firm's withdrawal liability to the National Retirement Fund ("the Fund") in the amount of $417,654.00 payable in eighty (80) quarterly installment payments of $4,275.19. To date, the Fund has not received the first (1st) quarterly installment payment, which was due on June 1, 2016. The amount due of $4,275.19 is accumulating interest until payment is received by the Fund.

Please be advised that the Fund hereby demands payment thereof in accordance with Section 4219 of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980. Upon receipt of the payment, the Fund will advise you of the interest due.

Please be further advised that if your firm's failure to make the required payment is not cured within sixty (60) days of the date of receipt of this letter, subject to 29 C.F.R. § 4219.31, your firm will be deemed in default, and the total amount of its withdrawal liability, plus accrued interest and liquidated damages, will become immediately due and payable.

                                            Very truly yours,

                                            David C. Sapp

cc:    Mr. Richard Rust
        Ms. Julie Kelly
        Ronald Richman, Esq.
        Frank Sabatini, Esq.
        Ms. Raquel Fioravanti (Raquel.fioravanti@gmail.com)
        Ms. Laura Burke (Certified Mail/Return Receipt Requested)